# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8066 | **DATE** | January 29, 2003 |
| **CASE TITLE** | Bucholz et al v. Unicare Health Plans of the Midwest | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion for summary judgment [24-1 ] is granted.  ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices MAILED by judge's staff. | | FEB - 5 2003 | 28 |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | WB docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

01-8066.031-JCD                                      January 29, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



FEB 5 2003

WILLIAM F. BUCHOLZ and          )
DIANE D. BUCHOLZ,               )
                                )
        Plaintiffs,             )
                                )
        v.                      )       No. 01 C 8066
                                )
UNICARE HEALTH PLANS OF THE     )
MIDWEST, INC.,                  )
                                )
        Defendant.              )

### MEMORANDUM OPINION

Before the court is defendant Unicare's motion for summary judgment. For the reasons stated below, the motion is granted.

### BACKGROUND

Plaintiffs William F. Bucholz and Diane D. Bucholz claim that defendant Unicare Health Plans of the Midwest, Inc. ("Unicare") violated ERISA by denying coverage for medical bills incurred by Diane Bucholz at the Mayo Clinic in Minnesota. Unicare argues that the medical services provided to Mrs. Bucholz were not provided or authorized by her primary care physician and thus were not covered by the plan.

Plaintiffs, William F. Bucholz and Diane D. Bucholz, have failed to respond to Unicare's motion for summary judgment, and thus have admitted the material facts as Unicare has presented them. The facts still must demonstrate that there is no genuine



issue of material fact and that Unicare is entitled to judgment as a matter of law. See <u>Johnson v. Gudmondsson</u>, 35 F.3d 1104, 1112 (7th Cir. 1994).

The facts, in brief, are as follows. William Bucholz's former employer, UOP-Inc., established its employee welfare benefit plan through its participation in a group insurance contract issued by Unicare. Certain health care benefits were extended to eligible employees and their dependents, including Diane Bucholz. Under the express terms of the plan, Unicare had the broadest possible discretion to interpret the terms of the contract and determine which benefits the employees and their dependents were entitled to receive. The plan also provided that medical services and supplies not furnished or authorized by a Primary Care Physician were not covered.

Diane Bucholz's Primary Care Physician from January 1997 to May or June 1998 was Dr. Thomas Flach of LaGrange Health Services. Dr. Flach last treated Mrs. Bucholz on May 27, 1998. On June 12, 1998, Mrs. Bucholz was informed that Dr. Flach had left LaGrange Health Services and that other physicians there could assume her care. On September 14, 1998, Mrs. Bucholz sought treatment at the Mayo Clinic ("Mayo") for a progressive cognitive and gait disorder. She was admitted for treatment and evaluation as a "self-paying" patient and paid a deposit. Prior to admission, Mrs. Bucholz advised Mayo's business office that she did not have authorization

from her insurance company for medical treatment. From September 14 to September 18, Mrs. Bucholz underwent a series of tests at Mayo, and returned on September 24 for a follow-up visit. The medical expenses totaled $8,950.52. Plaintiffs began making payments for these expenses.

On August 2, 1999, UOP-Inc.'s manager of human resources notified Unicare about Mrs. Bucholz's treatment at Mayo, plaintiffs' payment of $8,000 toward the medical expenses, and that plaintiffs believed that Dr. Flach had referred Mrs. Bucholz to Mayo. This was the first notice Unicare received regarding the services provided by Mayo. Unicare contacted Dr. Flach, who indicated that he had mentioned to Mrs. Bucholz that Mayo could possibly help her, but that he had never processed a referral for her to Mayo. Dr. Flach also said that Mrs. Bucholz requested a referral only after her visit to Mayo.

After Uop-Inc. again requested that Unicare pay the expenses in question, and after receiving claim forms from Mayo, Unicare reviewed the claim. Unicare again contacted Dr. Flach, who confirmed that he did not refer Mrs. Bucholz to Mayo. Mayo confirmed that Mrs. Bucholz did not have prior authorization. Uop-Inc. appealed Unicare's determination that the medical services were not covered. The appeal was denied. Plaintiffs subsequently filed this suit, and Unicare has moved for summary judgment.

## DISCUSSION

Because the plan provided that Uop-Inc. delegated to Unicare the "broadest possible discretion" to interpret the plan's terms and determine eligibility for benefits, our review is limited to determining whether the denial of benefits was arbitrary and capricious, or, in other words, unreasonable. See Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000).

Unicare argues that it denied Mrs. Bucholz's claim because there was no record that she had obtained authorization from her primary care physician for the medical services Mayo provided, as required by the plan. Unicare has submitted a copy of the plan, which explicitly requires that treatment be provided or authorized by the primary care physician. Unicare has also submitted a copy of the claims file, which indicates that Dr. Flach, Mrs. Bucholz's primary care physician, denied (multiple times) that he authorized the Mayo services. Plaintiffs have not provided any evidence that Dr. Flach authorized the treatment, and there is no evidence that Mrs. Bucholz had designated any other primary care physician. Accordingly, there was substantial evidence supporting Unicare's decision to deny plaintiffs' claim for benefits, and there is no basis for concluding that the decision was unreasonable.

## **CONCLUSION**

Defendant's motion for summary judgment is granted.


DATE:        January 29, 2003


ENTER:    _____

John F. Grady, United States District Judge